### G. W. SHELDON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 18, 1907.)

#### No. 4,162.

CUSTOMS DUTIES—CLASSIFICATION—SCRAP IRON—OLD CHAINS—JUNK.

　　Old iron chains are not "junk, old," within the meaning of Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 588, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], but are dutiable as "scrap iron * * * fit only to be remanufactured," under section 1, Schedule C, par. 122, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1636].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,231 (T. D. 26,917), affirming the assessment of duty by the collector of customs at the port of New York.

The opinion filed by the Board of General Appraisers reads as follows:

FISCHER, General Appraiser. The merchandise consists of old, worn-out chains, upon which duty was assessed at the rate of $4 per ton, under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 122, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1636], as scrap iron. The importers claim that it is entitled to entry free of duty, under section 2, Free List, par. 588, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], as "junk."

At the hearing, counsel for the importers made the following stipulation on the record: "It is conceded by the importer that the merchandise the sub-

ject of the protest was old iron chains; that they were in small pieces; that they could not be sold again for use as chains; that they were fit only for remanufacture, and were designed to be, and were in fact, remanufactured." He relies in support of his contention (1) on commercial understanding of the word "junk," and (2) on his construction of paragraph 122. The testimony introduced fails, however, to substantiate the claim as to the existence of a definite and uniform trade recognition of the term "junk." Mr. Mahoney, one of the importers' witnesses, who has had an experience of 30 years in the junk business, admitted that there is no uniform understanding, each dealer having his own "ideas as to different articles," and he stated that "it is not a standard definition in our business." The testimony further showed that the terms "scrap iron" and "junk" are interchangeably used.

On the question of which is the more specific designation for the merchandise, we say without hesitation that scrap iron is, particularly in view of the express language of paragraph 122: "* * * Wrought and cast scrap iron, and scrap steel, four dollars per ton; but nothing shall be deemed scrap iron or scrap steel except waste or refuse iron or steel fit only to be remanufactured." In Carberry v. U. S. (C. C.) 116 Fed. 773, it was held that secondhand bottles, even if conceded to be junk, were more specifically provided for under the enumeration for bottles. The selection by Congress of the words, "scrap iron and scrap steel * * * fit only to be remanufactured," shows that it intended by specific terms to direct that that class of articles should be treated distinctly from waste or refuse of any other material; and this is the view that has always been held by both the government and the importers, until this case arose.

As further showing the intention of the legislators to include in the provisions of paragraph 122 articles such as are here in question, a brief reference to the corresponding provision in earlier tariff acts will be useful. In the acts of 1870 and 1883, it was provided that: "Nothing shall be deemed scrap iron or scrap steel, except waste or refuse iron or steel that has been in actual use and is fit only to be remanufactured." In the acts of 1890, 1894, and 1897, the words "in actual use" were omitted, indicating clearly an intention to broaden the scope of the paragraph by letting in all iron or steel scrap, whether old or new, an incident surely not favorable to the claim of the importers herein that only waste of new metal is scrap within the meaning of paragraph 122.

In Schlesinger v. Beard, 120 U. S. 264, 7 Sup. Ct. 546, 30 L. Ed. 656, the court held that certain "punchings and clippings of wrought iron boiler plates and of wrought sheet iron, left after the completion of the process of the manufacture of the boiler plates into boilers," were dutiable as scrap iron, because the articles had been in actual use, emphasizing what has already been stated herein, that Congress at that time made scrap iron only waste pieces of iron that were worn out, or at least had been actually in use, differing radically from the definition advanced by the importers in the case at bar. At page 267 of 120 U. S., at page 547 of 7 Sup. Ct. (30 L. Ed. 656), the court said: "It thus appears that in 1870 the form of the statutes on this subject was materially changed, and that now the duty is laid upon 'scrap iron,' without any reference to whether it is new or old, and that all waste or refuse iron is 'scrap iron,' if it has been in actual use, and is only fit for remanufacture."

One of the points urged by counsel for the importers was that the word "waste," in paragraph 122, should be construed to mean only the pieces of material that fall off in the process of manufacturing, and does not include old, worn-out goods; but this contention is effectively answered in the negative by the decisions in Re Salomon (C. C.) 47 Fed. 711, on old rubber shoes, and Train v. U. S., 113 Fed. 1020, 51 C. C. A. 623, on old gunny bags, both of which classes of articles were held therein to be dutiable as waste. It scarcely seems reasonable to argue that a statute which formerly limited scrap iron to waste pieces of iron that had been in actual use, having been amended by the elimination of the narrowing words, is now to be construed as excluding the very articles which, previous to the amendment, had been the sole subject-matter of the paragraph. In the case of Dwight v. Merritt, 140 U. S. 213, 218, 11 Sup. Ct. 768, 769, 35 L. Ed. 450, Mr. Justice Lamar said: "The

next question is: Was the merchandise in any sense dutiable under the 'scrap iron' schedule? * * * It is immaterial in this connection whether the terms 'waste' and 'refuse' be held to apply to two different classes of iron, as is claimed by the plaintiffs in error, or whether, as is most probably the case, they are used in the statute as synonymous terms to represent old iron generally."

Counsel for the United States has also invoked in his favor the doctrine of ejusdem generis; his contention being that Congress could not have intended to provide for old iron in the same paragraph with "iron in pigs, iron kentledges, spiegeleisen, ferromanganese and ferrosilicon." We think, however, that the declaration of the Supreme Court, quoted above, that "waste" or "refuse" iron means old iron generally, makes unnecessary any resort to this doctrine in connection with paragraph 122; and the great variety of articles provided for in said paragraph renders it improper as well. There can be no "waste" in the use of such articles as pig iron, which is simply thrown into a furnace and melted, or spiegeleisen, ferromanganese, and ferrosilicon, which are treated in a like manner in the production of steel for the purpose of hardening it. Against this contention of the importers, the cases of Robertson v. Edelhoff, 132 U. S. 614, 10 Sup. Ct. 186, 33 L. Ed. 477, and Ingersoll v. Magone, 53 Fed. 1008, 4 C. C. A. 150, are precisely in point.

In view of the explicit language of paragraph 122, and in the light of the decisions cited, we are of the opinion that the claim of the importers herein is utterly untenable.

The protest is overruled, and the decision of the collector affirmed.

Curie, Smith & Maxwell (Wickham Smith, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The single question presented is whether the importation of old iron chains is specifically included in paragraph 122 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 2, Free List, par. 588, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684]), which provides for the payment of duty upon "wrought and cast scrap iron, * * * but nothing shall be deemed scrap iron or scrap steel except waste or refuse iron or steel fit only to be remanufactured." The petitioners claim that the articles are entitled to free entry, under paragraph 588, as "junk, old." As applied to the merchandise in controversy, paragraph 122 is thought to be more specific, and the collector rightly assessed the same thereunder. The Board of General Appraisers, in a careful and exhaustive decision, overruled the protest, and, replying to the arguments of the importers, cited precedents which justified the decision that Congress intended that old iron chains should be comprehended within the broad scope of paragraph 122, and therefore are not junk.

I concur in the reasoning upon which the decision is based, and it therefore follows that the decision of the Board must be affirmed.